NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM MARTINEZ-PENA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-728

Agency No.
A200-550-894

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
Pasadena, California

Before: GILMAN[***], M. SMITH, and VANDYKE, Circuit Judges.

Petitioner William Martinez-Pena seeks review of a Board of Immigration

Appeals ("BIA") decision dismissing his appeal of an Immigration Judge's ("IJ")

decision denying his application for cancellation of removal, asylum, and related

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

protections. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing an agency's denial of cancellation of removal, the only question subject to judicial review is whether the "established facts satisfy the statutory eligibility standard," *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024), which we review under the substantial-evidence standard, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "The facts underlying any determination on cancellation of removal … [are] unreviewable." *Wilkinson*, 601 U.S. at 225. Under the highly deferential standard applicable here, we may grant the petition only if the petitioner shows that the "established facts," *id.*, as found by the agency "compel the conclusion" that the agency's eligibility determination was incorrect. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). We review questions of law de novo. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). And where "the BIA agrees with the IJ's reasoning, we review both decisions." *Id.*; *see also Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020).

1. Substantial evidence supports the agency's determination that Petitioner failed to demonstrate that his removal to Mexico would result in exceptional and extremely unusual hardship to his wife. As the IJ found, Petitioner's wife is bilingual and educated, has been steadily employed since 2012, and is the "primary breadwinner" for the couple. The agency also determined that her alleged health issues were being successfully managed. These factual findings are binding on us.

*See Wilkinson*, 601 U.S. at 225. This record does not compel the conclusion that Petitioner's wife would suffer "exceptional and extremely unusual hardship" if he were removed.

2. Petitioner raises several due-process allegations regarding the IJ's conduct during the hearing. Most of these claims are unexhausted because Petitioner failed to raise them before the BIA. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 417 (2023). His only exhausted due-process claim—that the IJ improperly limited the record by refusing to hear Petitioner's siblings' testimony—fails on the merits. Petitioner can demonstrate neither error nor prejudice because he "conceded that his siblings would not provide new evidence, and [] he waived his siblings' testimony." Moreover, the BIA agreed that there was no indication "what information or evidence his siblings would have provided or how that information or evidence could have altered the outcome of his case." *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice."). Thus Petitioner's due-process claim fails. Petitioner also waived any arguments regarding the untimeliness or merits of his application for asylum and related protections because he did not raise them in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**PETITION DENIED**.